## STEAMBOAT WESTERN BELLE vs. WAGNER.

A steamboat is not necessarily liable for sinking a flat boat, by being out of the usual channel. There must be some negligence on the part of the officers of the steamboat to render her liable.

APPEAL from St. Louis Circuit Court.

RANNELLS & TODD, *for Appellant.*

T. POLK, *for Appellee.*

NAPTON, J., *delivered the opinion of the Court.*

This was an action by Wagner against the steamboat Western Belle, for running down his flat boat, loaded with wheat and whiskey. The plaintiff obtained a verdict.

It appeared upon the trial that the flat boat was tied up to the bank of the Mississippi, at a place called the Hawk's Nest, where she had, in company with two other boats, put in to avoid a storm. Some two or three fires were lighted by the hands having the management of the flat boats, on the shore, immediately above the boats. About eleven o'clock at night, the steamboat Western Belle came along, and, after stopping the engine, her pilot enquired for wood. An answer was given by some one in charge of the flat boats, that there was no wood there, but the steamboat continued to round to the shore. Warning was then given to the officers of the steamboat that there were flat boats there, and they were also again told that there was no wood. The collision took place, and the flat was sunk.

It appeared that the river was in a low stage of water, and that the channel was at this point narrow, but sufficiently wide for the steamboat to have passed along without coming in collision with the flat boats.— There was evidence to show that the place where the flat boats were tied up was a point where steamboat wood was occasionally kept.

Numerous witnesses were examined on both sides, showing all the circumstances attending the collision of the boats; the testimony on one side being aimed to show negligence on the part of the officers of the boat, and on the other hand, to place the disaster to the unskillful and negligent conduct of those who had charge of the flats. A detail of this

*Steamboat Western Belle* vs. *Wagner.*

testimony we deem unnecessary to an understanding of the points of law arising in the case.

The court instructed the jury, at the request of the defendant, as follows :

1. The plaintiff is not entitled to recover if the jury believe from the evidence that those in charge of the flat boat were neglectful of any care or precaution which common prudence, under the circumstances of the case, would require for preventing such an accident as this.

2. If the jury believe from the evidence that the accident or injury to the flat boat resulted from any fault or negligence on the part of the persons in whose charge the flat boat was, they must find for the defendant.

No instructions were asked by the plaintiff, but the court further instructed the jury that if the flat boat in question was moored or fastened along the shore of the island, and at the point spoken of by the witnesses, and the steamboat, by pursuing her direct course in the prosecution of her intended voyage, and by following the usual course of the river along the main and usual channel followed by steamboats navigating that part of the Mississippi river, and by using ordinary care and skill, could have avoided a collision, or avoided the running upon the flat boat, the defendant was liable.

A motion for a new trial was made, and overruled. The last instruction given by the court was, in our view of the case, erroneous. It placed the liability of the steamboat solely upon the fact of her being found out of the usual channel of the river. There was no controversy on this point. The pilot of the steamboat testified that there was ample space in the main channel for the boat to pass without touching the flat. The defence of the steamboat was, that she used ordinary care and diligence in approaching the shore for the purpose of procuring wood. Whether this defence was made out by the proof or not, was for the jury to decide, but the instruction of the court relieved them from the necessity of looking into the question of negligence at all. It cannot be, that a steamboat is responsible for every accident which happens, however careful may be her officers, and their conduct, merely because she is not running in the main channel of the stream. It is understood that a steamboat may land at any usual landing place, for wood or passengers, or freight, without being chargeable with a deviation. There was some controversy in this case whether the point of the island where the collision occurred was a usual *wooding* place or not; but this was a question

of fact for the jury. Whatever we may think of the propriety of the verdict on the facts in evidence, the judgment must be reversed and a new trial awarded.

The other Judges concurring, judgment reversed.